Slip Op. 20-142

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **NOVOLIPETSK STEEL PUBLIC JOINT STOCK COMPANY and NOVEX TRADING (SWISS) SA,**<br><br>      Plaintiffs,<br><br>v.<br><br>**UNITED STATES,**<br><br>      Defendant,<br><br>and<br><br>**STEEL DYNAMICS, INC. and NUCOR CORPORATION,**<br><br>      Defendant-Intervenors. | Before: Claire R. Kelly, Judge<br><br>Court No. 20-00031 |

## MEMORANDUM AND ORDER

[Denying Defendant-Intervenors' motion to stay. Granting in part and denying in part Defendant-Intervenors' motion for an extension of time.]

Dated: October 8, 2020

Valerie Ellis and Daniel Porter, Curtis, Mallet-Prevost Colt & Mosle LLP, of Washington, DC, for plaintiffs Novolipetsk Steel Public Joint Stock Company and NOVEX Trading (Swiss) SA.

Roger B. Schagrin, Elizabeth J. Drake, Luke A. Meisner, and Kelsey M. Rule, Schagrin Associates, of Washington, DC, for defendant-intervenor Steel Dynamics Inc.

Alan H. Price, Christopher B. Weld, and Cynthia C. Galvez, Wiley Rein LLP, of Washington, DC, for defendant-intervenor Nucor Corporation.

Kelly, Judge: Before the court are Defendant-Intervenors Nucor Corporation ("Nucor") and Steel Dynamics, Inc.'s ("SDI") motion to stay deadlines pending resolution of their motion to dismiss, see Mot. to Stay Deadlines Pending Final Resolution of Def.-Intervenors' Mots. to Dismiss Pls.' Compl., Sept. 16, 2020, ECF No. 46 ("Nucor & SDI's Mot. to Stay"), as well as their motion to amend the scheduling order to extend by twenty-one (21) days the current deadlines for briefing the merits of this action. See [Nucor & SDI's] Mot. to Amend Scheduling Order, Oct. 5, 2020, ECF No. 54 ("Nucor & SDI's Mot. to Extend"). Plaintiffs Novolipetsk Steel Public Joint Stock Company ("NLMK") and NOVEX Trading (Swiss) SA ("NOVEX") oppose both motions. See Pls.' Resp. Opp'n [Nucor & SDI's Mot. to Stay] and [Nucor & SDI's Mot. to Extend], Oct. 7, 2020, ECF No. 56 ("Pls.' Resp."). Upon consideration of the parties' filings, the court denies Nucor and SDI's motion to stay, but extends the deadlines set forth in its scheduling order by seven (7) days.

## BACKGROUND

On March 4, 2020, NLMK and NOVEX commenced the present action by filing a summons and complaint. See Summons, Feb. 3, 2020, ECF No. 1; Compl., Mar. 4, 2020, ECF No. 15. On May 18, 2020, the parties filed a joint status report and proposed briefing schedule. See Joint Status Report & Proposed Briefing Schedule, May 15, 2020, ECF No. 30 ("Joint Status Report"). There, Defendant, as well as Nucor and SDI, noted their intention to "move to dismiss at least a portion of the complaint for lack of subject matter jurisdiction," Joint Status Report at 2, and "propose[d] that the [c]ourt postpone establishment of a briefing schedule until it rules on . . . any motions to dismiss filed by Defendant and/or Defendant-Intervenors."

Joint Status Report at 3. Defendant and Defendant-Intervenors nonetheless consented to and included a proposed briefing schedule, see id., which the court subsequently implemented. See Scheduling Order, May 18, 2020, ECF No. 31. That same day, Nucor and SDI moved to dismiss Plaintiffs' complaint for failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction. See Def.-Intervenor [SDI's] Mot. to Dismiss Pls.' Compl., May 18, 2020, ECF No. 32 ("SDI's Mot. to Dismiss"); Def.-Intervenor [Nucor's] Mot. to Dismiss, May 22, 2020, ECF No. 33 ("Nucor's Mot. to Dismiss"). Defendant, United States, did not file a motion to dismiss. Neither Defendant nor Defendant-Intervenors moved to stay the briefing schedule for Plaintiffs' pending motion for judgment on the agency record at that time.

On June 19, 2020, Defendant, Nucor and SDI consented to Plaintiffs' motion for an extension of time to respond to the motion to dismiss. See Con. Mot. Ext. of Time to Resp. to Def-Intervenors' Mots. to Dismiss, June 19, 2020, ECF No. 34. The court granted the motion. See Order, June 19, 2020, ECF No. 35. Neither Defendant nor Defendant-Intervenors moved to stay the briefing schedule for Plaintiffs' motion for judgment on the agency record at that time.

On July 24, 2020, Defendant, Nucor and SDI consented to Plaintiffs' motion for an extension of time to file its motion for judgment on the agency record. Con. Mot. Ext. of Time to File 56.2 Mot. J. Agency R., July 24, 2020, ECF No. 41. The court granted the motion. See Amended Scheduling Order, July 24, 2020, ECF No. 42. Again, neither Defendant nor Defendant-Intervenor filed a motion to stay the briefing

schedule for Plaintiffs' motion for judgment on the agency record. Briefing on Nucor and SDI's motion to dismiss concluded on July 28, 2020.

On August 10, 2020, Plaintiffs NLMK and NOVEX filed its motion for judgment on the agency record. See [NLMK & NOVEX's] 56.2 Mot. J. Agency R. & accompanying Br. Supp. 56.2 Mot. J. Agency R., Aug. 10, 2020, ECF No. 44. On September 2, 2020, the court requested that the parties file additional written submissions clarifying certain issues with respect to Nucor and Steel Dynamic's pending motion to dismiss. See Ct. Letter, Sept. 2, 2020, ECF No. 45.[1] On September 16, 2020, Nucor and SDI moved to stay all deadlines related to the merits of this action pending final resolution of their motion to dismiss. See Nucor & SDI's Mot. to Stay. Defendant consented, and Plaintiffs indicated their intent to oppose. See id. at 3.

On October 5, Nucor and SDI filed their motion for an extension of all deadlines related to the pending motion for judgment on the agency record. See generally Nucor & SDI's Mot. to Extend. Defendant consented, and Plaintiffs indicated their intent to oppose. See id. at 3–4. That same day, Plaintiffs filed their response to both the motion to stay and the motion to extend the deadlines for briefing the pending motion for judgment on the agency record. See Pls.' Resp.

---

[1] On September 30, 2020, the court received responses to its request for additional submissions. In response to one of the court's questions, Defendant indicated that it intended to include a motion to dismiss as part of its forthcoming response to Plaintiffs' motion for judgment on the agency record. See Def.'s Resp. Ct.'s Questions at 1–2, Sept. 30, 2020, ECF No. 50. Defendant noted, however, that should the court grant the motion to stay, it would seek leave to file a motion to dismiss within 21 days of the court's order. See id.

## JURISDICTION AND STANDARD OF REVIEW

The asserted basis for jurisdiction is section 516A(a)(2)(A)(I) and 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(A)(I) and 1516a(a)(2)(B)(iii) (2012) and 28 U.S.C. § 1581(c) (2012), which grant the court authority to review actions contesting the final determination in an administrative review. The power to stay proceedings, however, "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936) ("Landis"). Although the decision to grant or deny a stay rests within the court's sound discretion, courts must weigh and maintain an even balance between competing interests when deciding whether a stay is appropriate. See Landis, 299 U.S. at 254–55; see also Cherokee Nation v. United States, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (citations omitted).

## DISCUSSION

**I.    Motion to Stay**

Nucor and SDI argue that staying proceedings pending the court's disposition of the pending motion to dismiss would avoid unnecessary waste of resources, will cause no harm to the parties with an interest in the outcome of this action, and is in accordance with past cases of this court. See Nucor & SDI's Mot. to Stay. at 1–4. Plaintiffs counter that these assertions ring hollow given the timing of Nucor and SDI's motion. See Pls.' Resp. at 2–4. For the following reasons, the court denies the motion to stay.

"A court may properly determine that 'it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.'" Diamond Sawblades Mfrs' Coal. v. United States, 34 CIT 404, 406 (2010) ("Diamond Sawblades") (quoting Leyva v. Certified Grocers of California, 593 F.2d 857, 863-64 (9th Cir. 1979)). However, if there is "even a fair possibility that [a] stay" will do damage to the opposing party, the movant "must make out a clear case of hardship or inequity in being required to go forward[.]" See Landis, 299 U.S. at 255. The court may also consider whether the stay promotes judicial economy. See, e.g., Diamond Sawblades, 34 CIT at 406–08.

Nucor and SDI untimely move to stay despite having ample opportunity to do so. Regardless of whether this Court has granted motions to stay briefing the merits of an action pending disposition of a motion to dismiss, the utility of such a stay lessens when requested after briefing on the merits has commenced. Here, Plaintiffs filed their complaint on March 4, 2020, giving Defendant, Nucor, and SDI ample notice of Plaintiffs' claims. See generally Compl. Indeed, in consenting to implementation of the jointly proposed scheduling order, Defendant, Nucor and SDI indicated that the court lacks subject matter jurisdiction over at least a portion of these claims and expressed their intention to file a motion to dismiss. See Joint Status Report at 2–3. Nucor and SDI then moved to dismiss the complaint. See generally Nucor's Mot. to Dismiss; SDI's Mot. to Dismiss. Defendant did not join, later noting that it intended to move to dismiss as part of its opposition to Plaintiffs' motion for judgment on the agency record. See Def.'s Resp. Ct.'s Questions at 1–2, Sept. 30, 2020, ECF No. 50. Thereafter, the parties consented to motions to extend

deadlines for briefing both the motion for judgment on the agency record and the motion to dismiss. Even at these points, neither Nucor, SDI, nor Defendant, moved for a stay. On the other hand, Plaintiffs have already filed their motion for judgment on the agency record. A stay now would be unfair to Plaintiffs, since they have already expended resources preparing their motion for judgment on the agency record as well as their responses to the pending motions to dismiss. As such, Nucor and SDI's motion to stay is denied.

## II. Motion to Extend

For the same reasons explicated in its motion to stay, Nucor and SDI also move for a twenty-one (21) day extension of the deadlines for briefing the merits of this action pursuant to U.S. Court of International Trade ("USCIT") Rules 6 and 7. See Nucor & SDI's Mot. to Extend. Plaintiffs oppose on the same grounds. See Pls.' Resp. at 4–5. For the following reasons, the court grants Nucor and SDI's motion in part.

Under USCIT Rule 6, the court may, for "good cause", extend an established deadline for a party to act. To the extent Nucor and SDI predicate their showing of "good cause" on the same submissions raised in their motion to stay, the court is not convinced that good cause exists to extend the deadlines for briefing Plaintiffs' motion for judgment on the agency record by 21 days. As explained, Defendant, Nucor and SDI had ample opportunity to communicate their preferences with respect to the current briefing schedule. However, cognizant of the possibility that the parties have diverted themselves in filing and responding to this motion to amend the scheduling order, and considering that Nucor and SDI express concerns with having to respond to the court's letter "just four days" after filing their responses to Plaintiffs' motion

Court No. 20-00031 Page 8

for judgment on the agency record, see Nucor & SDI's Mot. to Extend at 2, the court partially grants the motion for an extension of time and extends all outstanding deadlines set forth by the briefing schedule for the pending motion for judgment on the agency record by seven (7) days.

## CONCLUSION

As such, and pursuant to USCIT Rule 6(b), it is:

**ORDERED** that Nucor and SDI's motion to stay is denied; and it is further

**ORDERED** that the motion to amend the scheduling order is granted in part and denied in part; and it is further

**ORDERED** that the court's Amended Scheduling Order, July 24, 2020, ECF No. 42, is amended as follows:

1. Defendant and Defendant-Intervenors shall file any responsive briefs on or before Friday, October 16, 2020;

2. Plaintiffs shall file any reply brief on or before Friday, November 13, 2020;

3. Plaintiffs shall file the Joint Appendix on or before Friday, November 27, 2020;

4. Any motions for oral argument shall be filed on or before Friday, November 27, 2020.

/s/ Claire R. Kelly
Claire R. Kelly, Judge

Dated:   October 8, 2020
         New York, New York